Thorpe v. Cameron-Schroth Co., 191 Ill. App. 455.

## B. A. Thorpe, Defendant in Error, v. Cameron-Schroth Company, Plaintiff in Error.

### Gen. No. 19,806.    (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. JOSEPH S. LA BUY, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1913. Reversed with finding of fact. Opinion filed February 24, 1915.

### Statement of the Case.

Action by B. A. Thorpe against Cameron-Schroth Company, a corporation, to recover a commission for procuring a tenant for defendant.

Both Thorpe and another real estate firm, J. J. Harrington & Company were authorized to procure a tenant, and both presented one Reuter's name to the defendant as a prospective tenant, the former by letter of January 7, 1913, and the latter by a letter dated January 2, 1913, each asking in his letter to be protected as to commissions in case a lease was effected. In a letter, of January 8th acknowledging receipt of Thorpe's letter, W. A. Cameron, the president of

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

defendant, said: "We will protect you in this matter." About the middle of February, shortly after the deal was closed with Reuter through the firm of Harrington & Company, Cameron received a bill for commissions from Thorpe. Thereupon he wrote his agents, Harrington & Company, that in looking over his files he had found correspondence with Thorpe above referred to and that he had overlooked it in negotiating with Harrington & Company. No special reference was made to the fact he had also overlooked the said letter previously received from Harrington & Company.

From a judgment for plaintiff, defendant brings error.

William A. Jennings, for plaintiff in error.

Henry Horner, for defendant in error; Arnold Heap, of counsel.

Mr. Presiding Justice Barnes delivered the opinion of the court.

### Abstract of the Decision.

1. Brokers, § 88*—*when evidence insufficient to show liability for commission.* Where each of two brokers, in whose hands, property had been placed for the purpose of securing a tenant, submitted the name of the same person as a prospective tenant, each asking that he be protected as to his commissions in case a lease was effected, to which the principal assented in writing, and the deal was closed through one of them, who received the commissions, in an action by the other to recover his commissions it was *held* that the mere assent of the principle to protect him as to his commissions, and a subsequent letter by the principal to the successful broker that he had overlooked his correspondence with plaintiff in making the negotiations, was *held* insufficient in itself to show liability.

2. Brokers, § 37*—*when not the procuring cause.* A broker is not entitled to a commission for securing a tenant whose name he submitted to his principal, where the evidence showed that he was

not the first to call such person's attention to the property and that all of the negotiations which culminated in the deal were conducted by another broker who was also the first to submit the property to the prospective tenant and the first to give his name to his principal.

3. BROKERS, § 51*—*liability for commission when property placed in hands of several brokers.* One who places his property in the hands of several brokers for the purpose of securing a tenant, in the absence of any specific agreement to the contrary, is obligated to pay commissions only to the one who was the procuring cause of the lease.